UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RICHARD B. REITER,<br>4814 Genoa Drive<br>Mount Juliet, Tennessee 37121,<br><br>Plaintiff,<br><br>v.<br><br>FRANK KENDALL III,<br>Secretary of the Air Force,<br><br>Defendant. | Civil Case No.:<br><br>Judge:<br><br>Magistrate Judge: |

# COMPLAINT

COMES NOW, Plaintiff, RICHARD B. REITER, by and through his counsel, who represents to this Court the following:

## NATURE OF THE ACTION

1. This is an Administrative Procedures Act (APA) claim arising from the arbitrary and capricious decision of Frank Kendall III, in his official capacity as the Secretary of the Air Force, acting by and through the Air Force Board for Correction of Military Records (hereinafter AFBCMR or "the Board") in 2019 to deny the Plaintiff, Air Force Reserve (AFR) Lieutenant Colonel ("Lt Col") Richard B. Reiter, proper redress for a material error and injustice that occurred before the Air Reserve Component's (ARC) Selection Board Secretariat ("ARPC/PB").

2. The AFBCMR, pursuant to 10 U.S.C. § 1552, has the authority to correct a servicemember's military record "when [it] considers it necessary to correct an error or remove an injustice."

3. In the AFBCMR's decision dated March 14, 2019, it concluded that Plaintiff "presented evidence sufficient to demonstrate an error or injustice" related to the improper handling of his Promotion Recommendation Form (PRF) in connection with his consideration for promotion to the grade of colonel by the calendar year (CY) 16 AFR Participating Line and Nonline Colonel Promotion Selection Board (V0616A).

4. However, the AFBCMR denied Plaintiff proper redress by arbitrarily and capriciously failing to correct the error and injustice found to have occurred.

5. Through this APA complaint, Plaintiff seeks proper redress by the AFBCMR, along with all other available remedies as are just and appropriate, including attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA).

## JURISDICTION AND VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. This Court has jurisdiction over this action pursuant to the APA, 5 U.S.C. § 701, *et seq.*

8. 5 U.S.C. § 706 provides that a "reviewing court shall … hold unlawful and set aside agency action, findings, and conclusions found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

9. The Secretary of the Air Force, acting through the AFBCMR, "may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1).

10. An AFBCMR decision constitutes a final agency action, thus satisfying 5 U.S.C. § 704. *See* 32 C.F.R. § 865.4(l); *Chappell v. Wallace*, 462 U.S. 296, 303 (1983).

## PARTIES

11.     Lt Col Reiter is a citizen of the United States and served honorably in the United States Air Force (USAF) and AFR from December 1993 until he retired on June 1, 2021. He served a total of 28 years, and his accolades include the Defense Meritorious Service Medal, four Air Force Meritorious Service Medals, and the Air Force Commendation Medal.  He presently resides in Mount Juliet, Tennessee.  During the relevant time, he was a Judge Advocate (JA) within the USAF Judge Advocate General's (JAG) Corps.

12.     The Defendant is Frank Kendall III, in his official capacity as the Secretary of the Air Force, acting by and through the AFBCMR.  The AFBCMR operates within this District at Joint Base Andrews, Maryland.  This Complaint may interchangeably refer to the Defendant as "AFBCMR," the "Board," or "Defendant."

## FACTUAL ALLEGATIONS

### Air Force Reserve Promotion Selection Board

13.     Title 10 U.S.C. § 12641 provides for the Secretary of the Air Force to prescribe standards, qualifications, and procedures for determining retention and promotion of reserve components.

14.     Air Force Instruction (AFI) 36-2504, *Officer Promotion, Continuation and Selective Early Removal in the Reserve of the Air Force*, implements the guidelines and procedures for promotion, continuation, and selective early removal of AFR commissioned officers not on the active duty list.

15.     Generally, to be eligible for promotion, an AFR officer must be on the Reserve Active Status List (RASL) and meet the minimum time in grade requirements.  *See* AFI 36-2504 ¶ 2.4.

16. All officers eligible for promotion consideration will have an AF Form 709, Promotion Recommendation ("PRF") completed and submitted to the selection board by a Senior Rater. AFI 36-2406, *Officer and Enlisted Evaluation Systems* ¶ 8.2.

17. The Senior Rater is responsible for "provid[ing] the ratee a copy of the PRF approximately 30 days before the Central Selection Board" (CSB) in order to "[a]dvise the ratee of the senior rater's promotion recommendation," and "[p]rovide the ratee an opportunity to point out any typographical, administrative or errors of fact to the senior rater so they may be corrected prior to the CSB." AFI 36-2406, ¶ 8.1.4.1.7

18. PRFs require a Senior Rater to include within the "Promotion Recommendation" section of the form an explanation of "why the officer should or should not be promoted" and a "performance-based differentiation and/or characterization of the eligible officer's potential to serve in the next higher grade." AFI 36-2406, Table 8.1, Line 12.

19. PRFs also require a Senior Rater to include within the "Group Size" section of the form a ranking of all officers awarded a "Definitely Promote" recommendation. AFI 36-2406, Table 8.1, Line 14 (which provides the following example: "i.e., 2/5/10; the officer is ranked number 2 of 5 officers awarded a 'DP' [Definitely Promote] out of 10 officers in that competitive category meeting the Central Selection Board").

20. If a Senior Rater intends to change a PRF after a copy has already been provided to the officer ratee, the Senior Rater must notify the affected officer of such. DAFI 36-2406 ¶ 8.5.3.1. If the anticipated change "serves to weaken the narrative portion, is a negative content change, or a downgrade in the overall rating," the PRF must be re-accomplished and provided to the officer. DAFI 36-2406 ¶ 8.5.3.2.

21. Promotion within the AFR is a highly competitive process, particularly being considered for the grade of Colonel, which is highly dependent on the specific ranking, or "stratification," found in the "push line" included in an officer's PRF.

22. A convened Promotion Selection Board, consisting of at least five or more officers who are senior in grade to the eligible officers, considers all the eligible officers against a standard scoring system and provides a list of recommended promotions to be forwarded to the Secretary of the Air Force for review and then to the President for final approval.

## Air Force Board for Correction of Military Records

23. 10 U.S.C. § 1552(a) provides that Secretary of the Air Force may "correct any military record . . . when the Secretary considers it necessary to correct an error or remove an injustice."

24. Department of Defense Directive (DoDD) 1332.41, *Boards for Correction of Military Records (BCMRs) and Discharge Review Boards (DRBs)*, further instructs each of the Secretaries of the Military Departments to establish procedures and operations for their respective boards for the correction of military records.

25. AFI 36-2603, *Air Force Board for Correction of Military Records (AFBCMR)*, implements the statutory and DoD guidance and establishes the procedures for the AFBCMR. Specifically, AFI 36-2603 mandates that the Board consider "applications properly brought before it" and recommend correction of military records to remove an error or injustice and "provide full and effective relief."

## Plaintiff's Allegations

26. Plaintiff served as a member of the active component of the USAF from December 27, 1993 through August 31, 1998. He served in the AFR from September 1, 1998 through his retirement on June 1, 2021.

27. Plaintiff met the eligibility requirements for the CY16 AFR Participating Line and Nonline Colonel Promotion Selection Board, V0616A (hereinafter "CY16 AFR Promotion Selection Board").

28. Prior to the convening date of the CY16 AFR Promotion Selection Board, then-Major General (Maj Gen) Stayce Harris, Plaintiff's Senior Rater, prepared for ARPC/PB a PRF for Plaintiff, delivering him the same and specifically including a stratification stating "#1/9 Wing JAs!" and a Group Size of "1/2/4". **Exhibit (Ex.) 1**.

29. Plaintiff was not selected for promotion by the CY16 AFR Promotion Selection Board.

30. After reviewing his records, Plaintiff discovered the PRF that ARPC/PB considered was not the same PRF that Plaintiff was provided and instead included a stratification stating "#2/4 JA DPs" and a Group Size of "2/2/4". **Ex. 2**.

31. Plaintiff submitted a request to the AFBCMR to correct his records based on the incorrect PRF being considered by the promotion board.

32. On March 12, 2018, the Board denied Plaintiff's request citing a lack of documentation as to the incorrect PRF submission and allowed Plaintiff to request reconsideration if he provided additional documentation. **Ex. 3**.

33. On June 27, 2018, Plaintiff submitted to the Board a request for reconsideration along with a statement from his Senior Rater and affidavits from his then-Wing Commander and Vice Wing Commander.

34. In support of his request, Plaintiff emphasized that the PRF considered by ARPC/PB included an erroneous push line in that "#2/4 JA DPs" is a factually impossible stratification given the Group Size was "2/2/4."

35. Plaintiff also pointed out that if the USAF accepted the erroneous PRF as the valid one, the USAF was violating its own Air Force Instruction (AFI) 36-2406, ¶ 8.5.3, as *inter alia*, Plaintiff was never provided a copy of the erroneous PRF that had been submitted to the promotion board, or a letter stating Plaintiff had a right to address the promotion board concerning a change to his PRF before it convened. *See also* 10 U.S.C. § 14107, *Information furnished by the Secretary concerned to promotion boards* (requiring such information to be provided to the officer prior to it being furnished to a selection board).

36. Plaintiff also identified that he was denied the opportunity to discuss with his Senior Rater the error made by relying on the erroneous PRF, as required by AFI 36-2504, ¶ 1.7.3, which also required that the PRF be sent to Plaintiff "no later than 30 days prior to the promotion board."

37. As additional justification for why the USAF must accept the PRF identifying Plaintiff as the "#1/9 Wing JAs!," is that he demonstrated that this PRF was received by him on September 15, 2016, despite the deadline to do so being set as September 3, 2016, and that the Board convened just 18 days later on October 3, 2016.

38. Moreover, in its advisory opinion dated October 2, 2018, ARPC/PB identified that it received the "#2/4" PRF from Maj Gen Harris on August 19, 2016.

39. Therefore, this demonstrates that the "#2/4" PRF predated the "#1/9" PRF, and that the "#1/9" PRF must be accepted as valid because it was the only procedurally compliant one presented to Plaintiff, and having the effect of cancelling the earlier drafted "2/4" PRF.

40. Nevertheless, on March 14, 2019, the Board concluded the evidence presented demonstrated an error or injustice "regarding part, but not all, of his request." **Ex. 4**.

41. In its decision, the Board directed that Plaintiff receive Special Selection Board (SSB) consideration to the grade of Colonel by a CY 2016 AFR Promotion Selection Board utilizing the PRF indicating the erroneous push line of "#2/4 JA DPs" and that Plaintiff be given the opportunity to provide a letter to the Board President in conjunction with his PRF.

42. Within the instructions provided to Plaintiff when preparing his letter for the SSB, it expressly stated that he should not include any information in the letter that would indicate to the SSB which record was changed to trigger the board's convening.

43. Notwithstanding those instructions, Plaintiff was forced to submit a letter to the Board President in an attempt to inform the SSB that the PRF originally provided to him (with the push line "#1/9 Wing JAs!") should be considered, as it is the only fully correct PRF. **Ex. 5**.

44. Accordingly, the AFBCMR's decision placed Plaintiff in the position of either: 1) having to disclose information that went against the instructions for the SSB letter and which immediately biased the Board against Plaintiff by forcing him to have to identify his record as the one triggering the convening of the SSB by raising the PRF issue; or 2) receive no relief at all by not commenting that the weight of the evidence clearly supported that the PRF previously considered at the original promotion board was erroneous and should have been the "#1/9" PRF.

45. Consequently, based on the documentation submitted by Plaintiff, the SSB did not select him for promotion, and Plaintiff was forced to retire as a Lieutenant Colonel in 2021.

## CAUSE OF ACTION

## Violation of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*

46. Plaintiff re-alleges and incorporates by reference the allegations stated above as if fully set forth herein.

47. 5 U.S.C. § 706 requires a reviewing court to set aside any agency action, finding, or conclusion that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

48. Defendant's denial of Plaintiff's AFBCMR application is a final agency action. 5 U.S.C. § 704.

49. Defendant's decision to require the SSB to consider Plaintiff's erroneous "#2/4" PRF as opposed to the procedurally compliant and later executed "#1/9" PRF constituted an action that is arbitrary, capricious, an abuse of discretion, and/or not in accordance with the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter judgment against Defendant and award the following relief:

a. Overturn the AFBCMR's decision and require it to direct an SSB to convene using the only correctly completed PRF, i.e., the one containing the push line "#1/9 Wing JAs!" (**Ex. 1**), finding that the "#2/4" PRF (**Ex. 2**) must be invalid;

b. Award Plaintiff interest, costs, and attorney's fees pursuant to the Equal Access to Justice Act or through any other legally applicable means; and

c. Grant such other and further relief as the Court deems just and proper.

Dated: July 10, 2023                                Respectfully submitted,


/s/ James W. Cobb
James W. Cobb (BPR# 033248)
Cobb Law Group
131 Walton Ferry Rd., Suite 11
Hendersonville, TN 37075-3780
Phone: (615) 649-0049
james@cobblawtn.com


/s/ Patrick J. Hughes
Patrick J. Hughes (D. Md. Bar No. 21532)*
Patriots Law Group of Lyons & Hughes, P.C.
5819 Allentown Road
Suitland, Maryland 20746
Phone: (301) 952-9000
patrickhughes@patriotslaw.com

*Counsel for Plaintiffs*

*\*Motion for Pro Hac Vice Admission Pending*