IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RICHARD B. REITER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | NO. 3:23-cv-00678 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| **FRANK KENDALL III,** *Secretary, United* ) | MAGISTRATE JUDGE HOLMES |
| *States Air Force*, ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 33), which was filed on February 7, 2025. Through the Report and Recommendation, the Magistrate Judge recommends that Plaintiff's cross motion for judgment on the administrative record (Doc. No. 24) be denied and that Defendant's motion for judgment on the administrative record (Doc. No. 26) be granted. Plaintiff filed objections (Doc. No. 34), and Defendant filed a response to Plaintiff's objections (Doc. No. 35). For the reasons discussed below, the Magistrate Judge's Report and Recommendation is adopted and approved.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting

the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

### A. Background

Plaintiff served as an active-duty Air Force officer from December 1993 until August 1998 and then served in the Air Force Reserves from September 1998 until he retired in June 2021. (Doc. No. 1 ¶¶ 11, 26). In 2016, Plaintiff was eligible for promotion to the rank of Colonel. (*Id.* ¶ 27). The CY 16 Air Force Reserve Line and Nonline Colonel Promotion Selection Board with Board ID V0616A (the "Promotion Board") oversaw Plaintiff's promotion process.

Plaintiff's senior rater, Lieutenant General Stayce D. Harris, completed a promotion recommendation form ("PRF") for Plaintiff. Before the Promotion Board meeting, Plaintiff received a PRF completed by Lt. Gen. Harris that ranked Plaintiff as number 1 of the total number of officers designated as "definitely promote" (the "#1 PRF"). (AR 15). However, the PRF for Plaintiff that the Promotion Board received was also completed by Lt. Gen. Harris but ranked Plaintiff the second of two officers designated as "definitely promote" (the "#2 PRF"). (AR 16). Plaintiff was not promoted to Colonel. (Doc. No. 1 ¶ 29). Plaintiff subsequently learned that the PRF he received was different than the PRF received by the Promotion Board. Plaintiff then submitted an application to the Air Force Board for Correction of Military Records (the "Correction Board") to request that his records be corrected and that a Special Selection Board consider the #1 PRF received by Plaintiff rather than the #2 PRF received by the Promotion Board. (AR 12).

The Air Reserve Personnel Center, Promotion Board issued an advisory opinion that stated that without documentation from Lt. Gen. Harris to confirm that the incorrect PRF was submitted,

the Promotion Board must use the PRF submitted by Lt. Gen. Harris. (AR 20). Plaintiff submitted a rebuttal to the advisory opinion. (AR 38-41). The Correction Board determined that Plaintiff had not been "the victim of an error or injustice" and denied Plaintiff's application on March 19, 2018. (AR 42 – 44). The Correction Board advised Plaintiff that it may be willing to reconsider if Plaintiff submitted documentation from Lt. Gen. Harris stating that the incorrect PRF was submitted. (AR 44).

Plaintiff submitted a second application to the Correction Board on June 27, 2018. The Air Reserve Personnel Center, Promotion Board issued a second advisory opinion and recommended that Plaintiff be given an opportunity to submit a letter to the board regarding his concerns about the PRF and that, if he did so, a Special Selection Board be convened in lieu of the Promotion Board. (AR 82-84). Plaintiff again submitted a rebuttal to the advisory opinion and requested that the Correction Board promote him to colonel without convening a Special Selection Board, or that a Special Selection Board convene and consider the #1 PRF rather than the #2 PRF. (AR 92 – 100).

On January 24, 2019, the Correction Board determined that Plaintiff had demonstrated an error or injustice with respect to part of his request. (AR 7-9). Specifically, the Correction Board determined that the incorrect PRF was mailed to Plaintiff and that Plaintiff was denied the opportunity to discuss his rating with his senior rater or submit a letter to the Promotion Board, which the Correction Board found was an error or injustice. The Correction Board recommended that Plaintiff's pertinent military records be corrected to ensure that he be granted supplemental promotion consideration utilizing the PRF provided by Lt. Gen. Harris and that Plaintiff be given the opportunity to submit a letter to the board president. (AR 7-9). With regard to the remainder of Plaintiff's request, the Correction Board determined that "the evidence did not demonstrate

material error or injustice and the application could only be reconsidered upon receipt of relevant evidence not already considered by the Board." (AR 10). Plaintiff submitted a letter to the board's president and requested that his records be reviewed with the #1 PRF instead of the #2 PRF. (Doc. No. 1-5). Plaintiff was not selected for promotion and retired as a Lieutenant Colonel in 2021. (Doc. No. 1 ¶ 45). Plaintiff subsequently commenced this lawsuit under the Administrative Procedure Act.

## B. The Administrative Procedure Act

"Federal courts have the authority to review the decision of a military board of correction under the Administrative Procedure Act (APA)." *Bolton v. Dep't of the Navy Bd. for Correction of Naval Recs.*, 914 F.3d 401, 406 (6th Cir. 2019) (internal citation omitted). Decisions of military correction boards "are 'subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence.'" *Id.* (internal citation omitted). "Moreover, this court is without authority to reverse a decision of [a military board of correction] unless it is: found to be arbitrary, capricious, or in bad faith, or unsupported by substantial evidence, or is contrary to applicable laws and regulations." *Covill v. United States*, 959 F.2d 58, 63 (6th Cir. 1992).

The Supreme Court has recognized that an agency's decision is "arbitrary and capricious" when it "has relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658, 127 S. Ct. 2518, 2529, 168 L. Ed. 2d 467 (2007) (internal citation omitted). Regarding the "substantial evidence" standard, the court must "ask whether a 'reasonable mind might accept' a particular evidentiary record as 'adequate to support a conclusion.'" *Visconi*

*v. United States*, No. 3:12-CV-01012, 2013 WL 2467715, at *8 (M.D. Tenn. June 7, 2013) (internal citation omitted). "If [the agency's decision] is supported by substantial evidence, the [agency's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

Review of decisions of military correction boards "involves 'an unusually deferential application of the 'arbitrary or capricious' standard" of the APA'" because "[t]he statutory provisions at issue here draw a ... distinction between the objective existence of certain conditions and the Secretary's determination that such conditions are present. The Secretary, acting through the Board, 'may correct any military record of that department *when he considers it necessary* to correct an error or remove an injustice,' 10 U.S.C. § 1552(a) (emphasis added), not simply when such action *is* necessary to correct an error or to remove an injustice." *Bolton*, 914 F.3d at 407 (internal citation omitted) (emphasis in original). The Sixth Circuit has recognized that "[t]his extra-deferential standard 'is calculated to ensure that the courts do not become a forum for appeals by every soldier dissatisfied' with military action against him, 'a result that would destabilize military command and take the judiciary far afield of its area of competence.'" *Id.* (internal citations omitted).

A military correction board has discretion in its decision-making but is "still required to explain how it reached its decision" and when it "denies a petition to correct a record, it must provide a 'brief statement of the grounds for denial,' which must include 'the reasons for the determination that relief should not be granted, including the applicant's claims of constitutional, statutory, and/or regulatory violations that were rejected, together with all the essential facts upon which the denial is based.'" *Id.* (internal citation omitted). A military correction board's decision

is required to "minimally contain a rational connection between the facts found and the choice made." *Id.* (internal citation omitted).

## C. Plaintiff's First Objection

Plaintiff first objects to the Magistrate Judge's "fail[ure] to conclude the Air Force Board for Correction of Military Records (AFBCMR) did not properly determine the nature of the error and act to fully erase it." (Doc. No. 34 at PageID # 413). Plaintiff states that "[t]he Magistrate Judge concluded, 'while the referenced statute and regulations certainly set forth the process for receiving, reviewing, and challenging PRFs, Plaintiff has failed to point to any language that would required the PRF to be 'expunged' in the manner that Plaintiff argues is necessary'" and that "[t]he Magistrate Judge further concludes, 'Plaintiff has failed to demonstrate that the Correction Board violated any applicable law or statutes." (*Id.*). Plaintiff contends that it is undisputed that the requirements for "issuing and downgrading PRFs were not followed regarding the #2/4 PRF" and that it is undisputed "that the #1/9 PRF received by [Plaintiff] from Lt Gen Harris does meet all regulatory requirements necessary to be a valid PRF and a valid agency action." (*Id.* at PageID # 414).

Plaintiff also contends that he "has never been provided the #2/4 PRF by Lt. Gen. Harris, as required by Air Force Instruction (AFI) 36-2406 ¶ 8.2.3.1.5," that Plaintiff "was never notified of the intent to change the PRF from the #1/9 PRF provided to him to the #2/4 PRF submitted to the Central Selection Board…, as required by AFI 36-2406," that he was "never provided a copy of a changed PRF or the letter that must accompany it, as required by AFI 36-2406 ¶ 8.5.3.2," and that he "was never advised of his right to apply for a correction of the downgraded PRF or to appeal the downgraded PRF, when AFI 36-2406, ¶A2.6 clearly states that 'a material error in the PRF preparation process, may justify changes to your PRF." (*Id.*)

Plaintiff also asserts that "[t]he Magistrate Judge's determination that Plaintiff failed to demonstrate authority for the Court to 'expunge' the invalid PRF is found in the constitutional created judicial power and the authority, and responsibility, inherent in that power to enforce the law and set aside agency action inconsistent with the law" and that "[t]he Magistrate Judge concludes that the #2/4 PRF was the 'official document'… [b]ut the 'official document' is one that was created in contravention of the law" and "[t]his Court must set aside the agency action of issuing, and presenting to the CSB and SSB, the #2/4 PRF." *Id.*

The Magistrate Judge determined that the Correction Board's decision was not contrary to law and that "[t]he Correction Board concluded that Plaintiff 'presented evidence sufficient to demonstrate an error or injustice regarding part, but not all, of his request'" and that while the Correction Board found that Plaintiff proved that "he was mailed the incorrect PRF, and was denied the opportunity to discuss his rating with his Senior Rater or to write a letter to the promotion Board," it determined that Plaintiff did not prove any other errors or injustices. (Doc. No. 33 at PageID # 405). The Magistrate Judge also determined that the Correction Board's finding was "in line with the requirement in 10 U.S.C. § 14107 that certain specified information must first be made available to the promotion eligible officer, who shall be afforded a 'reasonable opportunity' to submit comments to the Promotion Board about that specified information" and that "while the referenced statute and regulations certainly set forth the process for receiving, reviewing, and challenging PRFs, Plaintiff has failed to point to any language that would require PRFs to be 'expunged' in the manner that Plaintiff argues is necessary" and "[i]t may be necessary for a senior rater to inform an officer if a PRF is being downgraded, but there is no indication that a PRF be 'expunged' if the officer did not receive it, as is the case here." (Doc. No. 33 at PageID # 406).

The Court agrees with the Magistrate Judge's finding. Here, the record establishes that the Correction Board recommended partially granting Plaintiff's application and acknowledged that Plaintiff was not aware of the information in his record and did not have a reasonable opportunity to submit comments to the Promotion Board regarding the #2 PRF because he did not receive it, as required by 10 U.S.C. § 14107. (AR 9). Moreover, the Correction Board recommended that Plaintiff's military records be corrected to ensure he was granted promotion consideration utilizing the performance recommendation form provided by Plaintiff's senior rater and that Plaintiff be given the opportunity to provide a letter to the board president. (AR 10). Plaintiff has not established that the Correction Board failed to property determine the nature of the error or act to fully erase it.

Accordingly, with regard to the Magistrate Judge's finding that Plaintiff failed to demonstrate that the Correction Board violated any applicable laws or statutes, the Court finds no error.

**D. Plaintiff's Second Objection**

Plaintiff next objects that the Magistrate Judge "failed to conclude the AFBCMR acted arbitrarily and capriciously by not seeking additional evidence or opinions only it could have secured." (Doc. No. 34 at PageID # 417). Plaintiff specifically "objects to the R&R's conclusion that the AFBCMR had no obligation to secure additional information" on the grounds that "[t]he AFBCMR did not need to become an 'investigative body' to obtain the missing information by requesting an advisory opinion from 22nd Air Force, which required no more of the AFBCMR than a staff officer creating a tasking to the unit, as was done with respect to ARPC/PB" and that "this was warranted based on the absence of any factual information as to what actually happened to cause the error (a question still not answered today), the imbalance of power between Plaintiff

8

(an O-5) and Lt Gen Harris (then an O-8), and the ease with which the AFBCMR could get 22nd Air Force to put the complete facts on the record given it possessed information that Plaintiff could not possibly obtain on his own." (Doc. No. 34 at PageID # 418).

Plaintiff made similar arguments in his motion for judgment on the administrative record (Doc. No. 24), which the Magistrate Judge addressed. The Magistrate Judge determined that under 32 C.F.R. § 365.2(c), the Correction Board "'may' call for additional evidence, but…such a decision is 'in its discretion" and "is under no obligation to do so." (Doc. No. 33 at PageID # 410). The Magistrate Judge also recognized that "[t]he Correction Board is explicitly deemed to 'not' be an 'investigative body'" and that the case relied on by Plaintiff, *Buchanan v. U.S.*, 621 F.2d 373 (Ct. Cl. 1980), is distinguishable from the present case. Specifically, the Magistrate Judge determined that the Court in *Buchanan* "held that it could not determine the basis of the correction board's denial of the plaintiff's appeal because the correction board's 'decision was without any kind of discussion of the evidence presented to it'" and "the court was not able to determine what consideration, if any, the correction board gave to evidence presented by the plaintiff" unlike the present case, where the Correction Board considered Plaintiff's evidence. (*Id.* at PageID # 401).

After reviewing the record, the Report and Recommendation, and the parties' filings, the Court agrees with the Magistrate Judge's finding that the Correction Board's decision to call for additional evidence is discretionary. *See* 32 C.F.R. § 865.2 ("The Board…is not an investigative body" and "the Board may, in its discretion…call for additional evidence or opinions in any case.). Moreover, the Court agrees that *Buchanan* is distinguishable from the present case and fails to support Plaintiff's argument that the Correction Board's decision not to seek additional evidence was arbitrary and capricious. *See Buchanan*, 621 F.2d at 383 ("It is impossible for us to determine what consideration the correction board gave specific submissions that plaintiff presented to

9

it…The court finds itself unable to determine the basis of the correction board's denial of LCDR Buchanan's appeal, since its decision was without any kind of discussion of the evidence presented to it…we conclude that the correction board's final determination to deny plaintiff's application without a hearing or written explanation lacked a rational basis, was not supported by substantial evidence, and was contrary to law."). In the present case, the administrative record demonstrates that the Correction Board considered Plaintiff's evidence.

Accordingly, the Court finds no error in the Magistrate Judge's conclusion that the Correction Board's decision to not seek additional evidence was not arbitrary or capricious or in violation of any laws.

**E. Plaintiff's Remaining Objections**

Plaintiff also objects to the Magistrate Judge's conclusions that "(1) the record contains substantial evidence to support the AFBCMR's findings of fact; (2) that the AFBCMR's determination that the #2/4 PRF was the "correct" PRF and that presenting it to the CSB and SSB did not constitute an error or injustice; and (3) the remedy ordered by the AFBCMR was adequate." (Doc. No. 34 at PageID # 420).

The Magistrate Judge determined that "[t]he Court must give the 'benefit of the doubt' to the Correction Board" and that "a "reasonable mind" could find adequate support for the Correction Board's conclusion that the 2/4 PRF was the "correct" one." (Doc. No. 33 at PageID # 411). The Magistrate Judge also determined that "[t]he relief provided by the Correction Board allowed Plaintiff to provide feedback on his PRF because he was not afforded that opportunity originally because of an error or injustice made by either Lt. Gen. Harris or others" and that "this relief fully and effectively addresses and remedies the error that the Correction Board identified." (*Id.* at PageID # 408).

The Court agrees and finds no error in the Magistrate Judge's determinations regarding substantial evidence to support AFBCMR's findings of fact, that a reasonable mind could find that the #2 PRF was the "correct" one, and that the remedy by the AFBCMR was adequate.

### III. CONCLUSION

For the reasons stated, Plaintiff's objections are **OVERRULED** and the Magistrate Judge's Report and Recommendation is **ADOPTED** and **APPROVED**. Accordingly, Plaintiff's Cross Motion for Judgment on the Administrative Record (Doc. No. 24) is **DENIED**, and Defendant's Motion for Judgment on the Administrative Record (Doc. No. 26) is **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE